IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA

| | |
|---|---|
| UNITED STATES OF AMERICA | **I N D I C T M E N T** |
| v. | Case No. _____ |
| DEVANTE LEMUEL JOHNSON, a/k/a SHADOW, a/k/a LITTLE SHADOW | Violations: 18 U.S.C. §§ 922(g)(1), 924(a)(2), 924(d)(1), and 981(a)(1)(C); 21 U.S.C. §§ 846 and 853; and 28 U.S.C. § 2461(c) |

COUNT ONE

**Conspiracy to Possess with Intent to Distribute and Distribute Controlled Substances**

The Grand Jury Charges:

From in or before July 2021 through the date of this Indictment, in the District of North Dakota, and elsewhere,

DEVANTE LEMUEL JOHNSON, a/k/a SHADOW, a/k/a LITTLE SHADOW,

did knowingly and intentionally combine, conspire, confederate, and agree together and with others, both known and unknown to the grand jury, to possess with intent to distribute and distribute a mixture and substance containing a detectable amount of methamphetamine, a Schedule II controlled substance, and a mixture and substance containing a detectable amount of fentanyl,[1] a Schedule II controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(B), and 841(b)(1)(C), and Title 18, United States Code, Section 2.

---

[1] 21 U.S.C. 841(b)(1)(A)(vi): The chemical structure of fentanyl is N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propenamide.

Drug Quantity Finding

The grand jury finds the amount involved in the conspiracy attributable to DEVANTE LEMUEL JOHNSON, a/k/a SHADOW, a/k/a LITTLE SHADOW, as a result of the defendant's own conduct, and the conduct of other co-conspirators reasonably foreseeable to the defendant, is 50 grams or more of a mixture and substance containing a detectable amount of methamphetamine, a Schedule II controlled substance, in violation of Title 21, United States Code, Section 841(b)(1)(B).

Overt Acts

In furtherance of this conspiracy and to effect and accomplish the objects of it, one or more of the conspirators committed the following overt acts:

1.  It was a part of said conspiracy that the defendant and others did possess with intent to distribute and did distribute a mixture and substance containing a detectable amount of methamphetamine, a Schedule II controlled substance, within the states of North Dakota, Minnesota, and elsewhere;

2.  It was further a part of said conspiracy that the defendant and others did possess with intent to distribute and did distribute a mixture and substance containing a detectable amount of fentanyl, a Schedule II controlled substance, within the states of North Dakota, Minnesota, and elsewhere;

3.  It was further a part of said conspiracy that the defendant and others would and did attempt to conceal their activities;

4. It was further a part of said conspiracy that the defendant and others would and did use telecommunication facilities, including cellular telephones, to facilitate the distribution of controlled substances;

5. It was further a part of said conspiracy that the defendant and others would and did use United States currency in their drug transactions;

6. It was further a part of said conspiracy that the defendant possessed, used, and carried firearms during, in relation to, and in furtherance of the conspiracy;

7. On or about March 28, 2022, DEVANTE LEMUEL JOHNSON, a/k/a SHADOW, a/k/a LITTLE SHADOW, individually, and by aiding and abetting, possessed with intent to distribute approximately 55 grams of methamphetamine, a Schedule II controlled substance, in Devils Lake, North Dakota; and

8. On or about March 28, 2022, DEVANTE LEMUEL JOHNSON, a/k/a SHADOW, a/k/a LITTLE SHADOW, individually, and by aiding and abetting, possessed with intent to distribute approximately 22 grams of fentanyl, a Schedule II controlled substance, in Devils Lake, North Dakota;

In violation of Title 21, United States Code, Section 846; Pinkerton v. United States, 328 U.S. 640 (1946).

# COUNT TWO

## Possession of a Firearm and Ammunition by a Convicted Felon

The Grand Jury Further Charges:

On or about March 28, 2022, in the District of North Dakota,

DEVANTE LEMUEL JOHNSON, a/k/a SHADOW, a/k/a LITTLE SHADOW, knowing he had previously been convicted in any court of one or more of the following crimes punishable by imprisonment for a term exceeding one year, that is:

- Simple Robbery, in violation of Minn. Stat. § 609.24, a felony, in Hennepin County, MN, District Court, Case No. 27-CR-13-23224;

- Theft, in violation of Minn. Stat. § 609.52, subd. 2(a)(1), a felony, in Hennepin County, MN, District Court, Case No. 27-CR-15-301;

- Financial Transaction Card Fraud, in violation of Minn. Stat. § 609.821, subd. 2(1), a felony, in Hennepin County, MN, District Court, Case No. 27-CR-15-14238;

- 5th Degree Drug Possession, in violation of Minn. Stat. 152.025, subd. 2(a)(1), a felony, in Ramsey County, MN, District Court, Case No. 62-CR-15-8089; and

- Felon in Possession of Firearm/Ammo, in violation of Minn. Stat. § 624.713, subd. 1(2), a felony, in Hennepin County, MN, District Court, Case No. 27-CR-16-1595;

did knowingly possess in and affecting commerce, a firearm and ammunition, that is:

- One SCCY, Model CPX-2, 9mm handgun, Serial Number C317375; and

- Nine rounds of Luger, 9mm ammunition;

In violation of Title 18, United States Code, Sections 922(g)(1) and 924(a)(2).

FORFEITURE ALLEGATION

The Grand Jury Further Finds Probable Cause That:

Upon conviction of the offense(s) alleged in this Indictment,

DEVANTE LEMUEL JOHNSON, a/k/a SHADOW, a/k/a LITTLE SHADOW, shall forfeit to the United States, pursuant to Title 21, United States Code, Section 853, Title 18, United States Code, Sections 924(d)(1) and 981(a)(1)(C), or Title 28, United States Code, Section 2461(c), all right, title, and interest in any of the property constituting or derived from proceeds obtained directly or indirectly as a result of the violations of Title 21, United States Code, Section 841 and/or Title 18, United States Code, Section 924(c)(1)(A), and any property used or intended to be used in any manner or part, to commit, or to facilitate the commission of the said violation(s), and a sum of money equal to the total amount of proceeds obtained as a result of the offense(s), including, but not limited to:

- One SCCY, Model CPX-2, 9mm handgun, Serial Number C317375, seized on or about March 28, 2022, in Devils Lake, North Dakota;
- Nine rounds of Luger, 9mm ammunition, seized on or about March 28, 2022, in Devils Lake, North Dakota; and
- $530 in United States currency seized on or about March 28, 2022, in Devils Lake, North Dakota.

If any of the forfeitable property as a result of any act or omission of the defendant:

(a) cannot be located upon the exercise of due diligence;

(b) has been transferred or sold to, or deposited with, a third party;

(c) has been placed beyond the jurisdiction of the Court;

(d) has been substantially diminished in value; or

(e) has been commingled with other property which cannot be divided without difficulty,

the United States shall be entitled to forfeiture of substitute property under Title 21, United States Code, Section 853(p), to seek forfeiture of any property of said defendant up to the value of the forfeitable property;

All in accordance with Title 21, United States Code, Section 853, Title 18, United States Code, Sections 924(d)(1) and 981(a)(1)(C), and Title 28, United States Code, Section 2461(c).

A TRUE BILL:

/s/ Foreperson
Foreperson

/s/ Mac Schneider
MAC SCHNEIDER
United States Attorney

AJS/ld